

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 22,1970

Honorable Naomi Harney
County Attorney
Potter County
Amarillo, Texas   79101

Opinion No. M- 638

Re: Authority to move over public
highways overwidth trailers
used in their owners' agri-
cultural operations without
the permit required by Article
827a, Section 3(a), Vernon's
Penal Code.

Dear Miss Harney:

You ask our opinion in answer to the following inquiry:

"When the trailer-type carriers described
in the enclosed brochures are used to carry
or move implements of husbandry over the public
highways, pursuant to Article 827a, Section 3(a),
Vernon's Penal Code, and return without carry-
ing implements of husbandry, may they be operated
without the special over-size permits required
of other vehicles?"

We believe the answer to your question is found in Arti-
cle 827a, Sections 1 and 3, Vernon's Penal Code. The carriers
under consideration are properly classified as either trailers
or a semi-trailer types of vehicles, which are defined in
Article 827a, Section 1, Vernon's Penal Code as follows:

"'Vehicle.' Every mechanical device, in,
upon or by which any person or property is or
may be transported or drawn upon a public
highway, including motor vehicles, commercial
motor vehicles, truck-tractors, trailers, and
semi-trailers, severally, as hereinafter de-
fined, but excepting devices moved by human
power or used exclusively upon stationary rails
or tracks.

". . .

-3051-

"'Trailer.' Every vehicle without motive power designed or used for carrying property or passengers wholly on its own structure and to be drawn by a motor vehicle.

"'Semi-trailer.' Every vehicle of the trailer type so designed or used in conjunction with a motor vehicle that some part of its own weight and that of its own load rests upon or is carried by another motor vehicle."

Section 3(a), of Article 827a, Vernon's Penal Code, prohibits use on any highway of any vehicle which exceeds a stated total outside width, but makes the following exception to such prohibition as follows:

". . . that the limitations as to size of vehicles stated in this Section shall not apply to vehicles on which implements of husbandry are being carried or moved provided such vehicles are being moved by the owner thereof or his agent or employee for the purpose of carrying on agricultural operations, and provided further that such implements are being moved or carried a distance of not more than fifty (50) miles, . . ."

Implements of husbandry are defined in Article 6675a-1(r) and in Article 6687b(g), both of Vernon's Civil Statutes. We do not quote these definitions because the question of what constitutes "implements of husbandry," is not before us.

The controlling language in the quoted portion of Article 827a, Section 3(a) (supra) is:

". . . provided such vehicles are being moved by the owner thereof or his agent or employee for the purpose of carrying on agricultural operations. . . ."

This language allows one engaged in "carrying on agricultural operations" to move his overwidth vehicles on which he lifts or carries his implements of husbandry without the special permit required of other persons. Further, it is our opinion that the statute also allows one to move such vehicles over the highways when empty, without permit, where such movement is necessarily incident to the lifting or carrying of implements of husbandry used in such agricultural operations. Examples of this would involve trips from the point of original distination to other points in order to pick up implements of husbandry to be used in the farming operation or where a return trip is required. Any other construction would destroy the intent of the statutes, which is manifest from the retaining of the privilege of using overwidth vehicles on the highways between the several locations where agricultural operations exist by those carrying on agricultural operations.

Should this statute be interpreted to restrict the movement of overwidth vehicles on the highways to those occasions only when such vehicles were actually loaded, carrying implements of husbandry, then the privilege to use such vehicles would be so restrained as to practically nullify and defeat the very purpose for which the privilege was granted, viz., carrying on agricultural operations. Courts are not at liberty to construe a statute in such a way as to defeat the legislative purpose and intent. A statute penal in nature will not be extended by construction beyond the necessities of the case. 53 Tex.Jur.2d 306, Statutes, Sec. 198; accord: Texas Highway Department, et al v. Kimble County, et al, 239 S.W.2d 831 (Tex.Civ.App., error refused, n.r.e., 1953). See also Allred, et al v. J. C. Engleman, Inc., 123 Tex. 205, 61 S.W.2d 75 (1933). The courts of this state seek a construction of a statute which is in harmony with logic and sound economic principles and these reasons may be looked to in construing the intended purpose of the statute. Attorney General's Opinion No. WW-824 (1960).

It is therefore the opinion of this office that trailer type carriers as defined in Article 827a, Section 1, Vernon's Penal Code, may be moved over the highways of this state by one engaged in carrying on agricultural operations without the special overwidth permit required by this Article, when such persons are carrying implements of husbandry provided,

however, that such implements are being moved or carried a distance of not more than fifty (50) miles. Further, such carriers may be moved without permit and without carrying implements of husbandry but only when such movement is part of a transaction necessarily incident to the carrying on of agricultural operations.

## S U M M A R Y

The trailer type carriers as defined in Article 827a, Section 1, Vernon's Penal Code, may be moved over the highways of this state by one engaged in carrying on his agricultural operations without the special overwidth permit required by this Article, when such persons are carrying implements of husbandry, provided, however, that such implements are being moved or carried a distance of not more than fifty (50) miles. Further, such carriers may be moved without permit and without carrying implements of husbandry but only when such movement is part of a transaction necessarily incident to the carrying on of their owners' agricultural operations.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Bennie W. Bock, II
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Acting Co-Chairman

Austin Bray
Ken Nordquist
Arthur Sandlin
Richard Chote

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant Attorney General